| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| URE LAW FIRM<br>8280 Florence Avenue, Suite 200<br>Downey, CA 90240<br>Telephone: (213) 202-6070<br>Facsimile: (213) 202-6075<br>Thomas B. Ure – State Bar No. 170492<br>tom@urelawfirm.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>SOCAL CLIMATE CONTROL & MECHANICAL, INC.,<br><br>Debtor. | CASE NO. 1:24-bk-10371-MB<br><br>CHAPTER 11<br>(Subchapter V) |
|---|---|
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference**:<br>DATE: April 9, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: The hearing will be conducted remotely, using ZoomGov video and audio:<br>**Video/audio web address: https://cacb.zoomgov.com/j/1604414603**<br>**ZoomGov meeting number: 160 441 4603**<br>**Password: 681700**<br>**Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666** |

## Status Conference Location:

☐ 255 East Temple Street, Los Angeles, CA 90012

☐ 411 West Fourth Street, Santa Ana, CA 92701

☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367

☐ 1415 State Street, Santa Barbara, CA 93101

☐ 3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case (“Debtor”) is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code (“Bankruptcy Code” or “U.S.C.”),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge’s procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1. The Plan:**

1.1 What type of plan will the Debtor propose?

☒ Consensual (i.e., with agreement or consent of creditors and other interested parties)
☐ Nonconsensual[3]
☐ Undetermined

1.2 Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

Based on Debtor’s projected disposable income, Debtor currently intends to pay all creditors in full through the plan and, therefore, has a reasonable expectation that creditors and other interested parties will consent to the plan.

1.3 Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

☒ Yes
☐ No

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to “Section” or “§” are to the Bankruptcy Code or Title 11 of the United States Code.

[2] “Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization.” 11 U.S.C. § 1188(c).

[3] The term “nonconsensual plan” for purposes of this Status Report means a plan confirmed under § 1191(b).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 2 -

If "No," explain why, and state when the Debtor will file its[4] plan:

n/a

1.4 Please summarize the basic nature of the plan:

Debtor intends to file a plan of reorganization without any liquidation and intends to fund the plan through the continued operation of Debtor's HVAC business. Debtor expects projected disposable income to be sufficient to pay allowed undisputed claims in full with the priority distribution scheme of the bankruptcy code.

## 2. Efforts Toward Consensual Plan:[5]

2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

None as of the filing of this status report.

2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

Once Debtor has been able to establish growth in its cash reserves and can provide actual financial performance sufficient to provide reasonable projections of future income and its ability to fund a plan and provide 100% repayment to its creditors, Debtor intends to utilize the SubV Trustee to work with creditors in obtaining consent to plan treatment.

2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

This case has only been pending for 18 days as of the filing of this Status Report and initial efforts were focused on 1st Day Motions and compliance issues.

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

2.4 Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

☐ Secured creditors
☐ Priority creditors
☐ Unsecured creditors
☐ Equity interest holders
☒ The subchapter V trustee
☐ Others (describe: <fill in>)

## 3. Appointment of Committees and Disclosure Statement:

3.1 In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

☐ Yes
☒ No

Explain your answer:

As Debtor currently expects to propose a 100% distribution to creditors and interested parties, the appointment of a committee would only create unnecessary additional administrative expense to the estate.

3.2 In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐ Yes
☒ No

Explain your answer:

Debtor intends to file a plan which contains which includes sufficient information that would otherwise be included in a separate disclosure statement.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 4 -

## 4. **Reporting Compliance:**

4.1 Has the Debtor filed all the documents required under § 1187(a)?[6]

☒ Yes
☐ No

If "No," identify the documents that were required to be filed[7] but were not:

☐ (a) the Debtor's most recent balance sheet

☐ (b) the most recent statement of the Debtor's operations

☐ (c) the Debtor's most recent cash-flow statement

☐ (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☐ Yes
☐ No
☒ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

n/a

4.2 Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒ Yes (none yet have come due as the petition was filed 3/8/24)
☐ No

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.
[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

If “No,” or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐ (a) Reports regarding Debtor’s profitability

☐ (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐ (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐ (e) Reports regarding Debtor’s failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐ (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

n/a

**5. <u>Other Code Compliance:</u>**

5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes
☐ No

If “No,” explain why and when the Debtor intends to comply with these requirements:

       Main Document Page 7 of 12

n/a

5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

n/a

5.3 Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

n/a

5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒ Yes
☐ No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

n/a

5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with this requirement:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 7 -

n/a

**6. <u>Cash Collateral:</u>**

6.1 Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The Debtor has a number of loans, some of which have recorded UCC-1 filings and others that may be asserting an interest in Debtor's cash collateral. The Debtor has accounts receivable and also cash paid to the Debtor on account of its accounts receivables that may be the collateral of certain of the lenders. Because the Debtor's professional was engaged just prior to the commencement of this chapter 11 bankruptcy case, the Debtor's attorney has not yet been able to perform an extensive analysis of the loans. While it appears that some of the loans are secured, the Debtor's attorney is going to need more time and more information to determine and confirm whether (i) the are secured by valid, enforceable, and property perfected liens, (ii) there is collateral for such Loans, and (iii) if such Loans are secured, whether they are oversecured or undersecured. Further, a review of the UCC Search Report conducted at the direction of Debtor's counsel shows that some of the lenders may not have filed UCC-1 statements to perfect any liens granted to secure their respective loans.

A UCC Search Report shows that the following Lenders filed UCC-1 Financing Statements that, subject to further review, analysis and verification, appear to be active and have not lapsed: (i) Lennox Industries, Inc.; (ii) Heating and Cooling Supply LLC; (iii) Ferguson Enterprises, LLC, (iv) Toyota Industries Commercial Finance, Inc., (v) Daikin Comfort Technologies Distribution, Inc., and (vi) Corporation Service Company, as Representative.

6.2 Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☒ Yes
☐ No

        If “Yes,” identify each such entity and what is the property that the entity asserts is its cash collateral.

Ongoing payments from customers as well as collections for prepetition and postpetition accounts receivables.

6.3 Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☒ Yes
☐ No

If “Yes,” identify each such entity and what is the property that the entity asserts is its cash collateral.

Ongoing payments from customers as well as collections for prepetition and postpetition accounts receivables.

6.4 Has the Court approved any orders authorizing the use of cash collateral?

☒ Yes
☐ No

6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

☐ Yes
☒ No
☐ Not applicable

**7. <u>“First Day” Motions:</u>**

7.1 Has the Debtor filed any of the following “first day” motions, if applicable:

☒ Cash collateral
☐ DIP financing
☒ Prepetition non-insider wage payments
☐ Cash management authority
☐ Utilities
☐ Limit notice
☐ Joint administration
☐ Critical vendor
☐ Others (describe: <fill in>)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 9 -

    7.2 Do prepetition plan support agreements exist?

☐ Yes
☒ No

If "Yes," attach copies to this Status Report.

**8. Additional Information:**

8.1 What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

**BACKGROUND INFORMATION**

On March 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtor continues to manage its financial affairs and operate the bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtor employs approximately 6 employees ("Employees") (not including insiders) to carry out the business operations providing residential and light commercial HVAC contractor providing maintenance, repair and installation of HVAC systems. As the Debtor's business suffered temporary cash flow issues caused by a severe decline in sales due to the slowing of the consumer economy in the residential HVAC market nationwide. In addition, Debtor's expenses increased due to an increase in the cost of HVAC equipment caused by Covid 19 supply chain interruption and new state and federal efficiency regulations, lead generation, fuel, labor and insurance. Overhead for the business also increased along with increases in interest rates and lowering of consumer financing approvals which caused cash flow issues resulting in the company taking out several high interest merchant credit accounts and falling behind on vendor and creditor payments which necessitated the need to file bankruptcy. To supplement the income lost, SCCM borrowed nearly $340,000 from accounts receivable lenders ("Merchant Cash Advance Loans"). The service on this debt is nearly $15,000.00 per week. As a result, SCCM has found it short on cash and unable to meet its regular operating expenses such as payroll, insurance, and materials and supplies.

Since obtaining the Merchant Cash Advance Loans, Debtor diligently explored alternative financing and funding solutions. However, due changes in the capital markets, and the general economic conditions affecting the Debtor's market segment, the Debtor was unable to obtain any new financing.

During this time, the Debtor liquidity became constrained, and the Debtor fell behind on payments to vendors and other parties necessary to the continued operation and profitability of its business.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 10 -

Although the Debtor has done everything possible to reduce operating expenses over the last months, such reduction in expenses and reduced compensation to Debtor's owners, this has not resulted in sufficient savings to preserve the Debtor's ability to timely pay its obligations and satisfy customer demand. As a result of the Debtor's inability to obtain new financing and materially reduce operating and other expenses, Debtor ultimately decided to commence this bankruptcy case to address the foregoing issues in this forum.

*[Signature(s) on Following Page]*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                                        **F 2015-3.1.SUBV.STATUS.RPT**

- 11 -

Dated: March 26, 2024

Respectfully submitted,

Thomas B. Ure
Name of Debtor's Counsel

/s/ Thomas B. Ure
Signature of Debtor's Counsel

Name of Law Firm: URE LAW FIRM
Address:
8280 Florence Avenue, Suite 200
Downey, CA 90240

Telephone number: 213-202-6070
Email Address: tom@urelawfirm.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: 03/26/24

Tammy Navarro
Name of Debtor/Debtor Representative

President
Relation to Debtor

Tammy L Navarro
Signature of Debtor/Debtor Representative

Dated: ________________

________________
Name of Co-Debtor (if any)

________________
Signature of Co-Debtor