Ure Law Firm, A.P.C.
8280 Florence Ave., Suite 200
Downey, CA 90240
Telephone: 213-202-6070
Facsimile:  213–202-6075
Thomas B. Ure, State Bar No. 170492
tom@urelawfirm.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>SOCAL CLIMATE CONTROL & MECHANICAL, INC.,<br><br>　　　Reorganized Debtor. | Case No. 1:24-bk-10371-MB<br><br>CHAPTER 11<br><br>MOTION FOR RELIEF FROM ORDER CONFIRMING PLAN OF REORGANIZATION PURSUANT TO BANKRUPTCY RULE 9024 AND FEDERAL RULES OF CIVIL PROCEDURE 60(b)<br><br>DATE:　　　June 17, 2025<br>TIME:　　　1:30 p.m.<br>PLACE:　　Courtroom 303<br>　　　　　　21041 Burbank Boulevard<br>　　　　　　Woodland Hills, CA 91367 |

**TO:    THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY**

**JUDGE; AND ALL OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT the Reorganized Debtor SOCAL CLIMATE CONTROL & MECHANICAL, INC.("Debtor"), by and through counsel, Thomas B. Ure, Esq., will and hereby does move this court for an order relieving it of certain obligations of the confirmed plan.

**NOTICE PROVISIONS AND DEADLINES FOR FILING AND SERVING A WRITTEN RESPONSE:**

Your rights might be affected by this Motion. You may want to consult an attorney. Refer below for the deadline to file and serve a written response.  If you fail to timely file and serve a

written response, the court may treat such failure as consent to the relief sought in the Motion and may grant the requested relief. You must serve a copy of your opposition upon the  Debtor, the Debtor's attorney, the United  States Trustee, and also serve a copy on the judge assigned to this bankruptcy case pursuant to LBR 5005-2(d) and the Court Manual unless otherwise instructed by the Court's published procedures.

Respectfully submitted,

DATED: May 23, 2025                    URE LAW FIRM

By:    /s/ Thomas B. Ure
Thomas B. Ure
Attorney for Reorganized Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

## FACTUAL BACKGROUND

On March 8, 2024, Debtor commenced this case by the filing of his Chapter 11 (SubV) voluntary bankruptcy petition in the Central District of California.

On August 20, 2024, Debtor filed its First Amended Plan of Reorganization.

On October 10, 2024, Debtor's First Amended Plan of Reorganization was confirmed.

In the Debtor's schedules filed on March 8, 2024, the Debtor listed the following creditors with undisputed general unsecured claims:

Bahr Safaei-Far in the amount of $1,145.00;

The Holman Group in the amount of $50,639.61;

Trever Pietsch in the amount of $16,000.00;

WireMen Inc. with four accounts totaling $6,569.74.

Subsequent to the entry of the Confirmation Order, the Debtor has discovered that these claims were inadvertently scheduled and/or scheduled as undisputed. The listing of these claims in error was due to the mistake of one of the company's owner who was not aware that these claims were improperly scheduled.

### II.

## LEGAL ARGUMENT

FRCP 60(b) provides: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect,...

(6) any other reason that justifies relief.

11 U.S.C. §105(a) in its pertinent part states that:

"The court may issue any order, process, or judgment that is necessary or appropriate

to carry out the provisions of this title..."

The listing of certain claims in the schedules incorrectly was due to the excusable neglect of Debtor's representative. The following is an explanation of the reason why these claims should either

1    not have been scheduled or should have been scheduled as disputed:

2      a.    Bahr Safaei-Far was not owed any money and was inadvertently scheduled.  Bahr

3      Safaei-Far was thought to have a claim for damages to his property but it was

4      subsequently determined that the damages were not related to work done by Debtor

5      but were attributable to a water leak due to a failed roof.  See <u>Declaration of Mike</u>

6      <u>Molloy</u>;

7      b.    The Holman Group was a customer who signed a contract to pay Debtor for a job

8      which totaled $50,639.61. The Holman Group paid a $5,000.00 deposit to Debtor.

9      The contract between The Holman Group and Debtor allowed a three day right to

10      cancel.  After the right to cancel period expired, the client decided not to go forward

11      with the installation because it did not want to hire a concrete coring company to drill

12      the holes necessary for Debtor to run the required  lines. This has been explained to

13      the Holman Group and it is not expecting to receive its initial deposit returned.  The

14      $50,639.61 scheduled was a mistake as this was the amount of the contract which The

15      Holman Group agreed to pay Debtor, not an amount Debtor owes The Holman Group.

16      See <u>Declaration of Mike Molloy</u>, Exhibit A.

17      c.    Trever Pietsch's claim should have been scheduled as disputed.  Subsequent to the

18      petition filing, the Superior Court for the County of Los Angeles held a trial and ruled

19      that Trever Pietsch was owed nothing.  See <u>Declaration of Mike Molloy</u>, Exhibit B.

20      d.    WireMen Inc. was scheduled with four different debts.  These debts should have been

21      listed as disputed as these debts were for unauthorized work done by an electrician

22      and attempted to be billed to Debtor and should have been billed directly to the

23      property owner who had requested the work.  These invoices have likely been paid by

24      the property owners and no balance is due.  See <u>Declaration of Mike Molloy</u>.

25    ///

26    ///

27    ///

28

- 4 -

**III.**

**CONCLUSION**

WHEREFORE, based on the foregoing, Debtor respectfully submits that good cause exists for granting the Motion and requests that the Court enter an order as follows:

1.      Granting the Motion; and

2.      For such other and further relief as the Court deems just and proper under the circumstances of this case.

                                        Respectfully submitted,

DATED: May 23, 2025                     URE LAW FIRM

                        By:     /s/ Thomas B. Ure
                                Thomas B. Ure
                                Attorney for Reorganized Debtor

I, **Mike Molloy**, declare:

I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts:

1.  I am one of the owners of the Debtor in United States Bankruptcy Court Case Number 1:24-bk-10371-MB. I have personal knowledge of the facts stated herein and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.  This declaration is made in support of Motion for Relief from Order Confirming Plan or Reorganization Pursuant to Bankruptcy Rule 9024 and Federal Rules of Civil Procedure 60(b).

3.  In the Debtor's schedules filed on March 8, 2024, the Debtor listed the following creditors with undisputed general unsecured claims:

    a.  Bahr Safaei-Far in the amount of $1,145.00;

    b.  The Holman Group in the amount of $50,639.61;

    c.  Trever Pietsch in the amount of $16,000.00;

    d.  WireMen Inc. with four accounts totaling $6,569.74.

4.  The initial schedules were prepared by Debtor's counsel with the assistance of Debtor's President, Tammy Navarro. Tammy Navarro's primary role with Debtor was in the office while I primarily assisted with sales and Debtor's other owner, Carey Mead, worked in the filed assisting with installations. As a result, either Carey or myself had more direct knowledge of the specific basis for any claims individuals or companies had related to work in the field.

5.  The above-referenced claims should either have not been scheduled or should have been scheduled as disputed for the following reasons:

    a.  Bahr Safaei-Far was not owed any money and was inadvertently scheduled. Bahr Safaei-Far was thought to have a claim for damages to his property but it was subsequently determined that the damages were not related to work done by Debtor but were attributable to a water leak due to a failed roof;

    b.  The Holman Group was a customer who signed a contract to pay Debtor for

1    a job which totaled $50,639.61. The Holman Group paid a $5,000.00 deposit

2    to Debtor.  The contract between The Holman Group and Debtor allowed a

3    three day right to cancel.  After the right to cancel period expired, the client

4    decided not to go forward with the installation because they did not want to

5    hire a concrete coring company to drill the holes necessary for Debtor to run

6    the required lines. This has been explained to the Holman Group and it is not

7    expecting to receive its initial deposit returned.  The $50,639.61 scheduled

8    was a mistake as this was the amount of the contract which The Holman

9    Group agreed to pay Debtor, not an amount The Holman Group claims is

10    owed by Debtor.  Attached hereto, marked Exhibit A, is a true and correct

11    copy of the contract.

12    c.    Trever Pietsch's claim should have been scheduled as disputed.  Subsequent

13    to the petition filing, the Superior Court for the County of Los Angeles held

14    a trial and ruled that Trever Pietsch was owed nothing.  Attached hereto,

15    marked Exhibit B, is a true and correct copy of the Minute Order reflecting the

16    Court's ruling.

17    d.    WireMen Inc. was scheduled with four different debts.  These debts should

18    have been listed as disputed as this debt was for unauthorized work done by

19    an electrician and attempted to be billed to our company and should have been

20    billed directly to the property owner who had requested the work.  It is my

21    belief that these invoices have been paid by the property owners and no

22    balance is due.

23    I declare under penalty of perjury under the laws of the United States of America that the

24    foregoing is true and complete to the best of my knowledge.

25    Executed at _____, California, on this 16th day of May, 2025.

26

27    see attached
_____
Mike Molloy

28

a job which totaled $50,639.61. The Holman Group paid a $5,000.00 deposit to Debtor. The contract between The Holman Group and Debtor allowed a three day right to cancel. After the right to cancel period expired, the client decided not to go forward with the installation because they did not want to hire a concrete coring company to drill the holes necessary for Debtor to run the required lines. This has been explained to the Holman Group and it is not expecting to receive its initial deposit returned. The $50,639.61 scheduled was a mistake as this was the amount of the contract which The Holman Group agreed to pay Debtor, not an amount The Holman Group claims is owed by Debtor. Attached hereto, marked Exhibit A, is a true and correct copy of the contract.

c. Trever Pietsch's claim should have been scheduled as disputed. Subsequent to the petition filing, the Superior Court for the County of Los Angeles held a trial and ruled that Trever Pietsch was owed nothing. Attached hereto, marked Exhibit B, is a true and correct copy of the Minute Order reflecting the Court's ruling.

d. WireMen Inc. was scheduled with four different debts. These debts should have been listed as disputed as this debt was for unauthorized work done by an electrician and attempted to be billed to our company and should have been billed directly to the property owner who had requested the work. It is my belief that these invoices have been paid by the property owners and no balance is due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge.

Executed at _Northridge_ California, on this 21st day of May, 2025.

Mike Molloy

**EXHIBIT A**



SoCal Climate Control
A Breath of Fresh Air

SoCal Climate Control & Mechanical, Inc.
dba
SoCal Climate Control
P.O. Box 4087, Chatsworth, CA 91313, United States
CSLB# 1043665
(833) 692-5462

**BILL TO**
The Holman Group
8501 Fallbrook Avenue
West Hills, CA 91304 USA

| | ESTIMATE | ESTIMATE DATE |
|---|---|---|
| | 44821558 | Jul 14, 2022 |

**JOB ADDRESS**
The Holman Group
8501 Fallbrook Avenue
West Hills, CA 91304 USA

**Job:** 44509780

### ESTIMATE DETAILS

MINI SPLIT INSTALL FOR OFFICE SERVER ROOM: INSTALL 36,000 BTU AIR HANDLER IN SERVER ROOM X2
INSTALL CONDENSER ON ROOF X2
INSTALL ELECTRICAL BREAKER IN PANEL X2
RUN HIGH VOLTAGE LINE 240FT
RUN LOW VOLTAGE COMMUNICATION WIRE 240FT
RUN COPPER LINE SET 240FT
INSTALL ELECTRICAL DISCONNECT BOX X2
INSTALL ELECTRICAL WHIP X2
INSTALL CONDENSATE PUMPS X2
RUN CONDENSATION DRAIN LINES TO SINKS IN OFFICE
INSTALL APPROXIMATELY 50 FT UNISTRUT AND MOUNTING BRACKETS PLUS 8 DURABLOCK MOUNTS
COMMERCIAL PERMIT

***SOCAL CLIMATE CONTROL IS NOT RESPONSIBLE FOR PATCHING PAINTING DRYWALL OR ROOFING.

| TASK | DESCRIPTION | QTY | PRICE | TOTAL |
|---|---|---|---|---|
| ECW220 | Electrical Line / Wiring 220v: <br> Run new (or replace) 220v electrical wiring. Price includes all closed conduits wiring. | 5.00 | $976.00 | $4,880.00 |
| MSCP | Minisplit Condensate Pump: | 2.00 | $423.00 | $846.00 |
| minicomm | Mini Split Communication Wire: <br> Mini Split Communication Wire | 5.00 | $325.00 | $1,625.00 |
| 10106 | Refrigeration Line Set: <br> New Refrigeration line with installation sized properly to system size | 5.00 | $1,171.00 | $5,855.00 |

| #LINE SET | | | | |
|---|---|---|---|---|
| BRK | New Breaker:<br>Breaker installation. | 2.00 | $293.00 | $586.00 |
| 10105 | PVC Condensation Line:<br>A new run of PVC condensation piping for drain purposes<br>price includes installation<br><br>#CONDENSATION LINE | 2.50 | $195.00 | $487.50 |
| WO | Work Order:<br>Work Order<br>INSTALL APPROXIMATELY 50 FT UNISTRUT AND MOUNTING<br>BRACKETS PLUS 8 DURABLOCK MOUNTS | 1.00 | $2,456.87 | $2,456.87 |
| COMP | Commercial Permit:<br>Commercial permit. | 1.00 | $1,473.00 | $1,473.00 |
| MITSUBISHI12&12 | Mitsubishi Mini Split Standard Warranty:<br>Limited warranty on factory parts 12 years<br>Limited warranty on compressor 12 years<br>1 year labor warranty | 1.00 | $0.00 | $0.00 |
| PKA-A36KA7/PUZ-A36NHA7 | Mitsubishi P-Series 36,000 Btu Single Zone Wall Mount Mini Split<br><br>Includes:<br><br>• Line set cover<br>• Mitsubishi 36k BTU 18.8 SEER Heat Pump Condenser<br>• Mitsubishi 36k BTU wall mounted Air handler<br>• Disconnect Box<br>• Electrical whip<br>• Remote T-STAT<br><br>Indoor Unit: PKA-A36KA7<br>Outdoor Unit: PUZ-A36NHA7 | 2.00 | $16,215.12 | $32,430.24 |

Mitsubishi PKA-A36KA7/PUZ-A36NHA7

|  |  |
|---|---|
| POTENTIAL SAVINGS | $1,473.34-$2,718.18 |
| SUB-TOTAL | $50,639.61 |
| TAX | $0.00 |
| TOTAL | $50,639.61 |

Thank you for choosing SoCal Climate Control

CUSTOMER AUTHORIZATION

SoCal Climate Control & Mechanical, Inc.
dba
SoCal Climate Control
P.O. Box 4087, Chatsworth, CA 91313, United States

CSLB# 1043665

(833) 692-5462

TERMS AND CONDITIONS

By signing this contract, the undersigned client agrees to all of the following terms and conditions:

By signing this document, the client agrees to pay an additional 3% credit or debit card processing fee per each credit or debit card transaction.

1.10% OF THE TOTAL CONTRACT PRICE IS DUE UPON SIGNING FOR NEW EQUIPMENT INSTALLATION. 20% DEPOSIT DUE UPON SIGNING FOR PART(S) REPLACEMENT AND/OR SERVICE(S) OF EXISTING EQUIPMENT. NO DEPOSIT IS NECESSARY IF THE ENTIRE BALANCE IS FINANCED USING A FINANCE COMPANY REFERRED BY SOCAL CLIMATE CONTROL. THE BALANCE IS DUE AS FOLLOWS FOR NEW EQUIPMENT INSTALLATION:40% OF TOTAL CONTRACT AMOUNT DUE UPON EQUIPMENT DELIVERY;40% OF TOTAL CONTRACT AMOUNT DUE UPON EQUIPMENT INSTALLATION;10% OR REMAINING BALANCE IS DUE UPON EQUIPMENT START-UP, NOT UPON FINAL INSPECTION BY CITY INSPECTOR (IF APPLICABLE). IF THE ENTIRE CONTRACT PRICE IS FINANCED, THE CLIENT SHALL SIGN THE FINANCE COMPLETION FORM UPON EQUIPMENT START-UP. FOR PART(S) REPLACEMENT AND/OR SERVICE(S), THE REMAINING BALANCE IS DUE UPON COMPLETION. ALL CHANGE ORDERS ARE DUE IN FULL UPON SIGNING. THE UNDERSIGNED CLIENT GIVES SOCAL CLIMATE CONTROL FULL AUTHORIZATION TO CHARGE THE CREDIT CARD USED TO PAY FOR THE DEPOSIT (IF APPLICABLE) TO PAY FOR THE REMAINDER OF THE BALANCE IN ACCORDANCE WITH THE ABOVE-LISTED PAYMENT TERMS UNLESS THE CLIENT PROVIDES SOCAL CLIMATE CONTROL WITH AN ALTERNATIVE FORM OF PAYMENT AT THE TIME OF EQUIPMENT STARTUP OR PART(S) REPLACEMENT AND/OR SERVICE(S) COMPLETION.

2. This Agreement will only be considered binding and legally enforceable upon the acceptance and execution by SoCal Climate Control. SoCal Climate Control reserves the right to cancel this contract up until the date of the installation. The price is valid only for 30 calendar days from the date listed on the estimate unless otherwise stipulated in the contract. In the event the Agreement is not approved or is declined by SoCal Climate Control, any payments made hereunder by the Customer shall be refunded in full within 10 business days after notice from SoCal Climate Control that the Agreement will not be accepted or executed by SoCal Climate Control. There are no refunds on installed parts, refrigerant, equipment, and/or performing services. SoCal Climate Control agrees that all materials incorporated into the work shall be new and of the quality, quantity, type, capacity, and color as listed on the front page hereof. SoCal Climate Control further agrees that work shall be completed in accordance with the recommended practices of Air Conditioning Contractors of America and in compliance with all applicable codes. SoCal Climate Control is not responsible for performing, paying for, fixing, or maintaining any of the following unless otherwise stipulated in this contract: engineering (mechanical, structural, or otherwise), permits, equipment maintenance, servicing of equipment, patching, painting, drywall, flooring, sanding, electrical work, electrical receptacles, gas line installation, refrigeration line installation, trenching, framing, roofing and/or roof failure, roof patching, stucco work, carpentry, crane service, asbestos abatement, HERS testing, blocking, drilling, plumbing, landscaping, filter changing, blowing out condensation lines, flushing refrigeration lines, AC screens, rodent proofing, corrections for items that are not listed on this contract, and any and all preexisting conditions in the client's home. SoCal Climate Control is not responsible for honoring or filing any utility and/or manufacturer rebates Should the client fail to file the paperwork with the utility company or manufacturer within the specified time period, SoCal Climate Control will not recompense the client or be held responsible for any rebate amount. No roof sealing, waterproofing, or roof tarp is included. The client must bring in a licensed roofer to seal, tarp, and/or waterproof their roof.

3. SoCal Climate Control warrants in a limited manner that heat exchangers for all gas-fired furnaces and compressors of all air conditioners or heat pumps be free of material defects in material and workmanship for the period of years stipulated in this contract and from the date of equipment startup. Socal Climate Control will issue a response to any warranty within 10 business days of being contacted by the homeowner. These limited warranties do not include labor and all other costs incurred in diagnosing, repairing, removing, installing, shipping, servicing, or handling defective or replacement parts unless otherwise stipulated in this contract. Defects that are caused by neglect or misuse of equipment or by improper service by Customer or others or by vandalism, fire, lightning, flood, wind, improper electrical service, or improper refrigerant supply, are specifically excluded from the coverage of this warranty. Any work relating to any warranty shall be performed during normal business hours. Any emergency warranty repairs to be performed after normal business hours will result in additional charges to the Customer and shall be due and payable upon completion of service. SoCal Climate Control shall

have the first right to repair and/or replace defective parts and/or workmanship (including any damage related to water leaks) upon notice from the Owner/Buyer. Owner/Buyer shall promptly notify SoCal Climate Control of any such defects, repairs, and/or damage and allow Socal Climate Control to correct any of its work that is defective and repair any damage that may have occurred at the home due to workmanship issues and/or equipment malfunction. Socal Climate Control will not pay any insurance subrogation claims without being able to have the first right to repair any damage directly. Per CA State Contractors law, Socal Climate Control has 10 business days to respond to any warranty, recall, or damage claim made by the Owner/Buyer. The customer understands and agrees that there are no refunds on installed parts and/or equipment.

4. SoCal Climate Control is not responsible for, nor does it provide, any warranties for any equipment and/or components not purchased from and installed by SoCal Climate Control. Equipment that is installed by someone other than SoCal Climate Control may include a warranty by the manufacturer. If there is such a warranty, SoCal Climate Control will pass it through to the Customer. The Customer agrees that the Customer is solely responsible for all damage and liability arising out of the misuse of the Equipment. Refrigerant is not covered by any warranty and is a charged for item.

5. SoCal Climate Control specifically excludes from its obligations under this Agreement the performance of any and all normal maintenance operations (unless otherwise stipulated in this contract) that are, in general, defined by the equipment manufacturer's installation and service instructions or by the owner's manual. Said operations include, but shall not be limited to, filter cleaning and/or replacement, lubrication, belt adjustments and/or replacements, and coil cleaning. SoCal Climate Control specifically excludes, from its obligations under this Agreement the performance of all service operations that relate to the interruption, the inadequacy, or the irregularity of electrical, gas, or water service to the equipment. Said operations include, but shall not be limited to, the replacement of fuses, resetting of circuit breakers, the resetting of security devices, operator error, and the relighting of pilot flames. Should Customer not have regular routine maintenance performed on the Equipment as set forth by the manufacturer, all warranties set forth in this Agreement and/or provided for directly by the manufacturer shall be voided. Furthermore, should the Customer have said maintenance or any other work performed on Equipment installed by SoCal Climate Control by any other entity besides SoCal Climate Control, all warranties provided for by SoCal Climate Control will be immediately voided. Should the client have SoCal Climate Control out for service to perform one of the aforementioned excluded service operations, the client agrees to pay SoCal Climate Control a $150 fee due immediately onsite at the time of the service, whether the Equipment function is restored or not. SoCal Climate Control assumes no responsibility for discomfort, inconvenience, temporary housing, hotel/motel expenses, unpaid rent or mortgage, lost wages, or damage due to high or low temperatures, damage due to high or low humidity, or other consequential damage, injury or loss resulting from the failure of the Equipment furnished under the terms of this Agreement.

6. Customer agrees to keep the Equipment free of all claims and encumbrances until such time that SoCal Climate Control has been fully paid. The Customer agrees that they shall not remove any Equipment from the premises or transfer any interest in said Equipment furnished until such time that SoCal Climate Control has been fully paid.

7. The title to and ownership of all Equipment and accessories covered by this Agreement, whether affixed to the Customer's realty or otherwise, shall be considered personal property and shall be deemed severable without damage to the Customer until such time SoCal Climate Control has been fully paid. In the event the Customer fails to make payments when due, the entire unpaid balance shall become immediately due and payable upon the demand of SoCal Climate Control. Failure of the Customer to comply with said demand within ten (10) calendar days from the date of equipment start-up shall be considered just cause for SoCal Climate Control to proceed with a mechanics lien against the property where the installation occurred.

8. Any alteration or deviation from the scope of work described on the front hereof, which involves an extra cost to SoCal Climate Control will be executed only upon written order and will become an extra cost to the Customer over and above the amount stated on the front page hereof.

9. The Customer agrees that all costs, including attorney's fees, incurred by SoCal Climate Control in its efforts to collect or attempt to collect any past due sums related to this agreement shall be paid by the Customer.

10. The Customer agrees to pay interest at the rate of 10% per annum on any amount that is not received by SoCal Climate Control when due.

11. Once any pre-existing equipment is removed from the premises, the Customer shall relinquish any rights to said equipment.

12. The client agrees to relinquish their deposit to Socal Climate Control after expiration of the three-day period as set forth below in the "Three Day Right to Cancel."

13. By signing this agreement, the client understands that the arrival time for all of Socal Climate Control's installations is set for a 2 hour period and that this period may be extended due to vehicle traffic, accidents, or any other unforeseen circumstance(s).

14. All required Permitting and HERS testing will be paid for by the Customer or reimbursed to SoCal Climate Control unless otherwise stated in this agreement. It is the client's sole responsibility to schedule all city inspections directly with the city and provide full access to their home for all HERS tests and inspections. Should the client want a representative of SoCal Climate Control to be present during a city inspection, it is the duty of the client to inform SoCal Climate Control of the date and time of the inspection at least 72 hours prior to the day and time of the inspection.

15. Should the Customer not provide access to the job site for SoCal Climate Control to do the installation, the Customer agrees to pay a $250 trip fee due immediately.

16. The obligations of the respective parties shall be abated for so long as, and to the extent that, their performance is rendered commercially impracticable by causes and events beyond the reasonable control of the affected party, including without limitation, fires, floods, rain storms, acts of God, strikes, pandemics, disease, Covid-19, vehicle accidents or malfunctions, unavailability or delays of materials or transportation, war, revolution, insurrection, acts of the public enemy, governmental regulation or prohibition. The party claiming abatement or obligation hereunder shall reasonably notify the other of the cause or event giving rise to such claim and shall take all reasonable steps to limit the effects and duration of such cause or event.

17. Socal Climate Control is not responsible for airflow problems unless Socal Climate Control redesigns and replaces the entire existing duct system with a new duct system.

18. Socal Climate Control is not responsible for smells, sounds, and vibrations that emanate from installed equipment and/or parts, so long as said equipment and/or parts are functioning within the manufacturer's specifications.

19. Should the client default on or cancel Socal Climate Control Membership at any time prior to the termination of the membership period, the client shall relinquish all membership benefits, including but not limited to the discount percentage applied to the original contract, thereby resulting in an owed balance for the amount of the discount provided for by the membership.

20. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

21. "MECHANICS LIEN WARNING". Anyone who helps improve your property, but who is not paid, may record what is called a mechanics' lien on your property and record it with the County Recorder. If a court finds the lien is valid, you could be forced to pay twice the amount or have a court officer sell your home to pay the lien. Liens can also affect your credit. To preserve their right to record a lien, the contractor must provide you with a document called a "20-day Preliminary Notice". This Notice is not a lien. The purpose of the notice is to let you know that the person who sends you to notice has the right to record a lien on your property if he or she is not paid. BE CAREFUL. Pay your bill on time so this does not happen.

22. "THREE-DAY RIGHT TO CANCEL". You, the Customer, have a right to cancel this contract within 3 business days from the date of signature (5 business days if signatory is 65 years of age or older). You must cancel by either e-mailing, mailing, faxing, or delivering a written notice to SoCal Climate Control at SoCal Climate Control's place of business by midnight on the third day after you signed the Agreement that includes this notice. If you cancel within the three business day period, SoCal Climate Control must return to you anything you paid within 10 business days of receiving the notice of cancellation. By signing this contract and choosing to move forward with any work performed by SoCal Climate Control prior to the third business day from contract signing, you are officially waiving your "THREE-DAY RIGHT TO CANCEL" and must therefore pay in

full for all the work performed by SoCal Climate Control as set forth by and under the terms of this agreement. If the installation is canceled after the "THREE-DAY RIGHT TO CANCEL", your deposit will be forfeited, or if the job is financed in full, a 10% restocking fee will be charged.

Sign here    _G. b_                              Date    8/23/2022

**EXHIBIT B**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/02/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By _____ K. O'Brien _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Trever Pietsch | |
| DEFENDANT/RESPONDENT:<br>Socal Climate Control & Mechanical, Inc | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CHSC01354 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial) of 01/02/2025 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Chatsworth, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Trever Pietsch
8500 Omelveny
Sun Valley, CA 91352

Socal Climate Control & Mechanical, Inc
21730 Nordhoff Street
Chatsworth, CA 91311

David W. Slayton, Executive Officer / Clerk of Court

Dated: 01/2/2025                     By:  K. O'Brien _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### North Valley District, Chatsworth Courthouse, Department F44

**24CHSC01354**                                                      January 2, 2025
**TREVER PIETSCH vs SOCAL CLIMATE CONTROL &**                                8:30 AM
**MECHANICAL, INC**

Judge: Honorable Frank J. Johnson              CSR: Electronically Recorded
Judicial Assistant: Katy O'Brien               ERM: None
Courtroom Assistant: None                      Deputy Sheriff: P. Choi

APPEARANCES:

For Plaintiff(s): Trever Pietsch via LACourtConnect

For Defendant(s): Socal Climate Control & Mechanical, Inc by Michael Molloy

**NATURE OF PROCEEDINGS:** Non-Jury Trial

The matter is called for trial.

Authorization to Appear is filed by Michael Molloy on behalf of the Defendant.

The parties are placed under oath and testify.

The Court reviews evidence submitted by the parties.

All evidence kept will be destroyed after the Court issues its final ruling.

The matter is taken under submission.

LATER

The Court, having previously taken the matter under submission, now rules as follows:

Court orders judgment entered on the Plaintiff's Claim filed by Trever Pietsch on 11/05/2024 as
follows: Plaintiff to take nothing by virtue of the complaint.

Clerk is to give notice.

Certificate of Mailing is attached.

NORTH VALLEY DISTRICT
Chatsworth Courthouse
9425 Penfield Avenue
Chatsworth CA 91311

SMALL CLAIMS CASE NO: 24CHSC01354

**- NOTICE TO ALL PLAINTIFFS AND DEFENDANTS –**
Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property
may be taken without further warning from the court. Read the back of this sheet for important information about your rights.
**- *AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS* –**
Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra  y ha ordenado que usted
pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el
reverso  de  este formulario para obtener informacion de importancia acerca de sus derechos.

| PLAINTIFF/DEMANDANTE | DEFENDANT/DEMANDADO |
|---|---|
| Trever Pietsch | Socal Climate Control & Mechanical, Inc |
| 8500 Omelveny | 21730 Nordhoff Street |
| Sun Valley, CA 91352 | Chatsworth, CA 91311 |

## NOTICE OF ENTRY OF JUDGMENT

JUDGMENT WAS ENTERED AS STATED BELOW ON (DATE): 01/02/2025
Court orders judgment entered on the Plaintiff's Claim filed by Trever Pietsch on 11/05/2024 as follows: Plaintiff to take
nothing by virtue of the complaint.

[    ] Judgment debtor is a natural person, and as provided in Code Civ. Proc., §§ 683.110, 685.010::
        $  of this judgment is on a claim related to medical expenses
        $  of this judgment is on a claim related to personal debt

--------------------------------------------------------------------------------------------------------------------------------

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

CLERK'S CERTIFICATE OF MAILING - I certify that I am not a party to this action.  This *Notice of Entry of Judgment* was mailed first class, postage
prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown
below.

Place of mailing: Chatsworth CA 91311
**Date of mailing: 01/2/2025**

David W. Slayton, Executive Officer / Clerk of Court

K. O'Brien

Clerk by_____, Deputy

| - | The county provides small claims advisor services free of charge. Read the information sheet on the reverse. | |
|---|---|---|

## INFORMATION AFTER JUDGMENT / *INFORMACION DESPUES DEL FALLO DE LA CORTE*

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor.** The person (or business) who lost the case and who owes the money is called the **judgment debtor.**

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is FINAL. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   a. **PAY THE JUDGMENT**
The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford. Ask the clerk for information about these procedures.

   b. **APPEAL**
If you disagree with the court's decision, you may appeal the decision *on the other party's claim. You* may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on *all* the claims. If you appeared at the trial, you *must* begin your appeal by filing a form called a *Notice of Appeal* (form SC-140) and pay the required fees within 30 *days* after the date this *Notice of Entry of Judgment* was mailed or handed to you. Your appeal will be in the superior court. You will have a **new trial** and you must present your evidence again. You may be represented by a lawyer.

   c. **VACATE OR CANCEL THE JUDGMENT**
If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a *Motion to Vacate the Judgment* (form SC-135) and pay the required fee *within 30 days* after the date this *Notice of Entry of Judgment* was mailed. If your request is denied, you then have 10 *days* from the date the notice of denial was mailed to file an appeal. The period to file the *Motion to Vacate the Judgment is 180 days* if you were *not properly served* with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

2. If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   a. **COLLECTING FEES AND INTEREST**
Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a *Memorandum of Costs.*

b. **VOLUNTARY PAYMENT**
Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. **THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.**

c. **STATEMENT OF ASSETS**
If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the Judgment Debtor's Statement of Assets (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an *Application and Order to Produce Statement of Assets and to Appear for Examination* (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

d. **ORDER OF EXAMINATION**
You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an *Application and Order for Appearance and Examination (Enforcement of Judgment)* (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtors financial records. Ask the clerk for the *Small Claims Subpoena and Declaration* (form SC-107) or *Civil Subpoena Duces Tecum* (form SUBP-002).

e. **WRIT OF EXECUTION**
After you find out about the judgment debtor's property, you may ask the court for a *Writ of Execution* (form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income.** For some kinds of property, you may need to file other forms. See the law officer for information.

f. **ABSTRACT OF JUDGMENT**
The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an *Abstract of Judgment* (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the *Abstract of Judgment*

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you *must* fill out the form below and mail it to the court *immediately* or you may be fined. If an *Abstract of JUDGMENT* has been recorded, you must use another form; see the clerk for the proper form.

**SMALL CLAIMS CASE NO.:24CHSC01354**
ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
*(Do not use this form if an Abstract of Judgment has been recorded.)*

To the Clerk of the Court:

I am the [ ] judgment creditor [ ] assignee of record.

I agree that the JUDGMENT in this action has been paid in full or otherwise satisfied.

Date:

_____   ▶  _____

(TYPE OR PRINT NAME)                                 (SIGNATURE)

| In re: | CHAPTER: **11** |
|---|---|
| **Socal Climate Control & Mechanical, Inc.** Debtor(s). | CASE NUMBER: **1:24-bk-10371-MB** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**8280 Florence Avenue, Suite 200
Downey, CA 90240**

A true and correct copy of the foregoing document entitled (*specify*):   **MOTION FOR RELIEF FROM ORDER CONFIRMING PLAN OR REORGANIZATION PURSUANT TO BANKRUPTCY RULE 9024 AND FEDERAL RULES OF CIVIL PROCEDURE 60(b)**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **05/23/2025**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Russell Clementson    russell.clementson@usdoj.gov**
**Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com**
**Gregory Kent Jones (TR)    gjones@sycr.com,
smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com**
**Raffi Khatchadourian    raffi@hemar-rousso.com**
**Garry A Masterson    BnkEcf-CA@weltman.com, gmasterson@weltman.com**
**Amitkumar Sharma    amit.sharma@aisinfo.com**
**United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
**Thomas B Ure    tom@urelawfirm.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On   **05/23/2025**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Bahar Safaei-Far
20155 Keswick Street #104
Winnetka, CA 91306**

**The Holman Group
8501 Fallbrook Avenue
West Hills, CA 91304**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 05/23/2025 | Stacy Marin | /s/ Stacy Marin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-1
Case 1:24-bk-10371-MB
Central District of California
San Fernando Valley
Fri May 23 10:25:56 PDT 2025

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Employment Development Dept.
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

(p)OFFICE OF FINANCE   CITY OF LOS ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

Socal Climate Control & Mechanical, Inc.
19201 Parthenia St, Unit H
Northridge, CA 91324-5135

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

ACPro
11700 Industry Ave.
Fontana, CA 92337-6934

Adolph Navarro
7353 Alabama Avenue
Canoga Park, CA 91303-1303

Ally Financial
P.O. Box 380901
Minneapolis, MN 55438-0901

American Express
P.O. Box 0001
Los Angeles, CA 90096-0001

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Bahr Safaei-Far
20155nKeswick Street #104
Winnetka, CA 91306-2575

Bank of America
P.O. Box 17054
Wilmington, DE 19884-0001

Business Card
P.O. Box 15796
Wilmington, DE 19886-5796

(p)BYZFUNDER
ATTN BYZFUNDER NY LLC
530 7TH AVE FLOOR M1
NEW YORK NY 10018-4878

Byzfunder NY, LLC
P.O. Box 356
Cedarhurst, NY 11516-0356

Chevron
P.O. Box 639
Portland, ME 04104-0639

CloudFund LLC and its servicer,
Delta Bridge Funding LLC
19505 Biscayne Blvd Ste 2350
Aventura, FL 33180-3648

Corporation Service Company
P.O. Box 2576
Springfield, IL 62708-2576

Custom Air Systems
4505 Industrial St
2E
Simi Valley, CA 93063-3459

Daikin Comfort Technologies Distribution Inc
c/o Jeff Carruth
Weycer Kaplan Pulaski Zuber P.C.
2608 Hibernia St. Ste 105
Dallas, TX 75204-2514

Daikin/ Goodman
Daikin Comfort Technologies
Distribution Inc.
19001 Kermier Road
Waller, TX 77484-8810

David Kay and Diane Kay
c/o Law Offices of Hedy Zhang
Attn: Hedy Zhang
1820 Butler Avenue #5
Los Angeles, CA 90025-5463

David Posner
17545 Embassy Drive
Encino, CA 91316-2517

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Ferguson Enterprises, LLC
2750 South Towne Avenue
Pomona, CA 91766-6205

Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

Granite Heating & Cooling
1525 NW 3rd St., A21
Deerfield Beach, FL 33442-1669

Howard Ind.
36 Howard Drive
Ellisville, MS 39437-9020

I Permit
31225 La Baya Dr #213
Thousand Oaks, CA 91362-6333

Jodie Shihadeh
12213 Hilslope Street
Studio City, CA 91604-3604

Lennox Industries
c/o Jonathan Neil & Associates, Inc.
P.O. Box 7000
Tarzana, CA 91357-7000

Lennox Industries Inc.
2100 Lake Park Blvd.
Richardson, TX 75080-2254

Levelset/Procore
6309 Carpinteria Ave.
Carpinteria, CA 93013-2924

Networx
3399 Peachtree Road NE Suite 800
Atlanta, GA 30326-2832

ODK Capital, Inc.
1400 Broadway
New York, NY 10018-5300

On Deck
4700 W. Daybreak Pkwy, Suite 200
South Jordan, UT 84009-5133

(p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR
3801 AUTOMATION WAY
STE 207
FORT COLLINS CO 80525-5735

PREMIER AMERICA CREDIT UNION
19867 Prairie Street
Chatsworth, CA 91311-6504

Premier America
19867 Praire Street
Chatsworth, CA 91311-6504

Premier America
19867 Prairie Street
Chatsworth, CA 91311-6504

Premium Finance Agreement
Westlake Risk & Ins. Services, LLC
2659 Townsgate Road Suite 103
Westlake Village, CA 91361-2761

PurEco
9740 Variel Avenue
Chatsworth, CA 91311-4314

Rapid Duct
401 N Verdugo Road., Suite C
Glendale, CA 91206-5236

Rapid Permit Inc.
1010 E Mountain St.
Glendale, CA 91207-1814

Service Spartan LLC
3534 Royal Ave, Simi Valley, CA 93063
Simi Valley, CA 93063

Shanna M. Kaminski
P.O. Box 247
Grass Lake, MI 49240-0247

Sigler
9702 West Tonto Street
P.O. Box 920
Tolleson, AZ 85353-0920

Silvia Ochoa
1230 N Horward St.
Glendale, CA 91207-1435

Sirris Abatement
12303 Woodruff Ave.
Downey, CA 90241-5609

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

Spectrum
1600 Dublin Rd
Columbus, OH 43215-2098

TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC.
c/o Weltman, Weinberg, and Reis Co., L.P
965 Keynote Circle
Brooklyn Heights, OH 44131-1829

Tandem Financial
PLC Equipment Finance Fund
3801 Automation Way Suite 207
Fort Collins, CO 80525-5735

The E & C Company, Inc.
1336 Moorpark Road, #327
Thousand Oaks, CA 91360-5224

The Holman Group
8501 Fallbrook Avenue
Canoga Park, CA 91304-3234

Toyota Industries
Commercial Finance, Inc.
P.O. Box 660926
Dallas, TX 75266-0926

Trevor Pietsch
8500 OMelveny Avenue
Sun Valley, CA 91352-3844

Triad Management Systems, Inc.
21201 Victory Blvd., Suite 255
Canoga Park, CA 91303-4043

US Air Conditioning Distributors
16900 Chestnut St
City of Industry CA 91748-1012

USAir
9250 Owensmouth Ave.
Chatsworth, CA 91311-5853

United States Trustee (SV)    ECF
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

WireMen Inc.
7354 Maynard Ave.
West Hills, CA 91307-2108

Gregory Kent Jones (TR)    ECF
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067-4140

Thomas B Ure    ECF
Ure Law Firm
8280 Florence Avenue
Suite 200
90240
Downey, CA 90240-3950

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

L.A. County Tax Collector
Bankruptcy Unit
P.O. Box 54110
Los Angeles, CA 90051-0110

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Byzfunder
GBR Funding West, Inc
530 7th Avenue Ste 505
New York, NY 10018

(d)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN: BANKRUPTCY UNIT
PO BOX: 54110
LOS ANGELES, CA 90054-0110

PAWNEE LEASING CORPORATION
3801 AUTOMATION WA STE 207
FORT COLLINS, CO 80525

Small Business Administration
Attn General Counsel
312 North Spring St.
Los Angeles, CA 90012

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Toyota Industries Commercial Finance, Inc.

(u)Ure Law Firm

(d)Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(u)Grey Stone Financial LLC

(d)INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

End of Label Matrix
Mailable recipients    68
Bypassed recipients     6
Total                  74